FILED
99 JUN 30 AM 9: 35
U.S. DISTRICT COURT
N.D. OF ALABAMA
ENTERED
JUN 3 0 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHNNY TAYLOR,                )
                              )
        Plaintiff,            )
                              )
vs.                           )  CIVIL ACTION NUMBER
                              )
DIXIE VAULT COMPANY, INC.,    )  98-C-0297-S
et al.,                       )
                              )
        Defendants.           )

**MEMORANDUM OF OPINION GRANTING SUMMARY JUDGMENT**

The defendants Dixie Vault Company, Inc. ("Dixie Vault") and parent The York Group, Inc., d/b/a/ York Casket Company ("York Casket") have jointly moved the Court for summary judgment in this race discrimination case. Because the material facts are not in dispute, and the law is clear, the motion will be granted.

I

The plaintiff, Johnny Taylor, is a black male. He was hired by Dixie Vault in February 1989, and he worked there until he was terminated.[1] Between 1989 and 1994, the plaintiff held hourly positions in the milling and paint departments. In 1994, William Bischoff, the President and General Manager of Dixie Vault, promoted the plaintiff to the position of floor supervisor of the milling and assembly departments. He remained in this position until he was terminated.

---

[1] The defendants insist that the plaintiff was laid off, rather than discharged. The court views the evidence and draws reasonable inferences in a light most favorable to the plaintiff.

Dixie Vault is a subsidiary of a wholly-owned subsidiary of York Caskets, The York Group, Inc. In early 1997, York Caskets hired an outside consultant to review Dixie Vault's operations and to recommend measures to streamline operations and increase profitability. The consultant recommended, among other things, that Dixie Vault's milling functions be relocated to another York Caskets facility and that there were too many floor supervisors in proportion to the number of hourly workers.

At the time the consultant's recommendations were made, there were two floor supervisors at Dixie Vault: the plaintiff and Dennis Watkins, another black American. Watkins had more supervisory experience than the plaintiff.

William Bischoff chose to retain Watkins and to terminate the plaintiff.

Adam Bischoff, son of the Dixie Vault's President, also worked there. Since 1995, Adam has been the plant superintendent. As such, he was the plaintiff's immediate supervisor. For purposes of the summary judgment motion, the Court infers that Adam Bischoff is a racist.

When the plaintiff was terminated, Adam Bischoff was selected by his father to assume the plaintiff's duties, in addition to Adam's other responsibilities as plant superintendent.

William Andrew James, the son-in-law of William Bischoff, was hired by William as Dixie Vault's shipping supervisor in January 1994. He remained in this position after the plaintiff was terminated.

The Court assumes that nepotism was a motivating factor in William Bischoff's decisions.

There is no evidence whatever that William Bischoff was motivated by racial considerations in his decisions.

II

Our circuit has held: "However unseemly and regrettable nepotism may be as a basis for employment decisions in most contexts, it is clear that nepotism as such does not constitute discrimination under Title VII." Platner v. Cash & Thomas Contractors, Inc., 908 F.2d 902, 905 (11th Cir. 1990). Holder v. City of Raleigh, 867 F.2d 823, 825-26 (4th Cir. 1989). And this is not a case in which nepotism works to the detriment of a protected class member, i.e., a disparate impact case. Holder, at 825-26; Howard v. BP Oil, 32 F.3d 520 (11th Cir. 1994).

The defendants are entitled to judgment as a matter of law. By separate order, it shall be granted.

DONE this 29th day of June, 1999.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON